IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL GONZALES, <br> TDCJ NO. 1315488, <br><br> Petitioner, <br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-12-3151 |

**MEMORANDUM OPINION AND ORDER**

Paul Gonzales has filed a petition for a writ of habeas corpus challenging a state court conviction under 28 U.S.C. § 2254. The petition will be dismissed as successive and untimely.

Gonzales's habeas petition challenges a felony conviction and thirty-year sentence for aggravated kidnaping with a deadly weapon. State v. Gonzales, No. 16,110-B (181st Dist. Ct., Randall County, Tex., June 25, 2005). Gonzales entered a plea of guilty before the trial court and did not file a direct appeal.

On June 18, 2010, Gonzales filed a state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals denied without a written order. Ex parte Gonzales, No. 74,359-01 (Tex. Crim. App. Sept. 8, 2010). See Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/opinions/.

On February 18, 2011, Gonzales filed a federal petition for a writ of habeas corpus contending that the state trial court abused its discretion in accepting a plea bargain while there was evidence of actual innocence and no valid affirmative finding of a deadly weapon. Gonzales also claimed that he was denied his right to parole review because the prison was treating his conviction as an aggravated offense. The court dismissed the habeas petition after determining that all of his claims were time barred. <u>Gonzales v. Thaler</u>, No. H-11-0705 (S.D. Tex. Dec. 21, 2011).

Gonzales filed a subsequent state habeas application, which was received by the Texas Court of Criminal Appeals on August 23, 2012. The application was dismissed without a written order. <u>Ex parte Gonzales</u>, No. 74,359-02 (Tex. Crim. App. July 26, 2012).

Gonzales's current habeas petition includes arguments that his guilty plea was coerced. He also alleges that he was denied effective assistance of counsel and that the prosecution withheld exculpatory evidence. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), this action is barred as a successive federal habeas challenge to a state court conviction. 28 U.S.C. § 2244(b). Because of the prior dismissal, Gonzales must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3). There is no indication that the Fifth Circuit has granted permission to Gonzales to file the current petition.

Without such authorization, this action must be dismissed for lack of jurisdiction. Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

In addition to being barred as successive, this action would also be barred as untimely under the AEDPA because Gonzales is challenging a conviction that occurred more than seven years ago. See 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period for filing of § 2254 petition after conviction becomes final). His previous federal habeas petition, H-11-705, was dismissed as untimely, and it did not toll the limitations period. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001) (application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within the meaning of the AEDPA's tolling provision); Grooms v. Johnson, 208 F.3d 488 (5th Cir. 1999). Gonzales's second state habeas application had no tolling effect because it was filed after the expiration of the limitations period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Habeas petitioners are usually given an opportunity to respond when the court screening their federal habeas petitions find them to be untimely. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). Such an opportunity is not warranted in this action since Gonzales's petition is successive as well as time-barred.

Before Gonzales can appeal the dismissal of his petition, he must obtain a COA. 28 U.S.C. § 2253. In order to obtain a COA,

Gonzales must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000). A COA will be denied because this action is clearly barred, and Gonzales has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

## Conclusion and Order

The court **ORDERS** the following:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. A Certificate of Appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and a copy of the petition and this Memorandum Opinion and Order to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this 25th day of October, 2012.

```
_____
         SIM LAKE
UNITED STATES DISTRICT JUDGE
```